UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

HERRERA-RAMIREZ,

                          Petitioner,

        v.

THE UNITED STATES OF AMERICA, *et al.*,

                          Respondents.

Case No. 2:25-cv-01749-MMD-EJY

ORDER

## I.    SUMMARY

*Pro se* Petitioner Harold Herrera-Ramirez, currently detained by the Department of Homeland Security ("DHS") at the Nevada Southern Detention Center ("NSDC"), filed a petition for writ of habeas corpus under 8 U.S.C. § 2241. (ECF No. 1-1, 4 ("Petition").) Respondents filed a response.[1] (ECF No. 7.) Petitioner filed a motion to accept late filing (ECF No. 6 ("Motion")) and a reply (ECF No. 9). Due to binding Ninth Circuit precedent—and as further explained below—the Court will grant the Motion and deny the Petition.

## II.    RELEVANT BACKGROUND

Petitioner is a citizen of Colombia. (ECF No. 4 at 4.) According to DHS, Petitioner entered the United States in October of 2023. (ECF Nos. 7-2 at 2; 7-3 at 3.) Petitioner applied for Asylum, Witholding of Removal, and protection under the Convention Against Torture. (ECF Nos. 4 at 3; 7 at 2-3.) Petitioner has been detained in DHS custody since December 2024. (ECF Nos. 4 at 3; 7 at 2.) Petitioner requested a custody redetermination and recieved a bond hearing before an Immigration Judge ("IJ") in February 2025. (*Id.*) The IJ denied Petitioner's request for bond, finding he was a danger to the public based

---

[1]The Court screened the Petition and established a briefing schedule. (ECF No. 3.) Respondents requested an extension of time to file their response. (ECF No. 5.) The Court granted the request. (ECF No 6.)

on two prior criminal convictions in Colombia. (ECF Nos. 4 at 3; 7 at 2-3; 9 at 11.) The IJ also denied Petitioner's applications for relief from removal. (ECF Nos. 4 at 3; 7 at 2-3.) Petitioner appealed the IJ's ruling to the Board of Immigration Appeals ("BIA"). (ECF Nos. 4 at 3; 7 at 3.) The BIA affirmed the IJ's rulings (*Id.*) Petitioner timely appealed to the Ninth Circuit, where his case remains. (*Id.*)

Respondents claim Petitioner is detained in DHS's discretion under 8 U.S.C. § 1226(a). (ECF No. 7 at 7.) While Petitioner cites to legal standards governing mandatory detention under section 1226(c), he seems to concede that he is detained under section 1226(a). (ECF Nos. 4 at 9; 9 at 6, 7 11, 12, 13, 22.)

## III.    DISCUSSION

The Court first rules on Petitioner's Motion. The Court then disposes of Respondents' jurisdictional argument. Finally, the Court addresses Petitioner's due process claim.

### A.    Motion to Accept Late Filing

The briefing schedule for habeas corpus petitions are set by court order. *See* LR 16-1(c)(2). The Local Rules allow parties to request an extension from the Court of scheduled deadlines. *See* LR 26-3. A request made after the expiration of a deadline will only be granted if the moving party "demonstrates that the failure to act was the result of excusable neglect." LR 26-3.

The Court ordered Petitioner to file his reply 15 days after Respondents filed their response. (ECF No. 3). Respondents filed their response on October 10th and therefore Petitioner's reply was due October 25th. (ECF No. 7.) Petitioner filed his reply, along with the Motion, on November 3rd. (ECF Nos. 8, 9.) In his Motion, Petitioner explains that in addition to having no legal representation, he is physically detained and entirely reliant on the facility's legal mail system to receive and send filings. (ECF No. 8 at 2.) The Court finds this is a properly excusable basis for failure to file within the briefing schedule.

///

2

1    Accordlingly the Court grants Petitioner's Motion and considers Petitioner's reply

2    in its disposition of the Petition.

3        **B.    Jurisdiction Over Habeas Petition**

4        Habeas corpus "is an attack by a person in custody upon the legality of that

5    custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Constitution guarantees

6    that a writ of habeas corpus is "available to every individual detained within the United

7    States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl.

8    2). A writ of habeas corpus may be granted to a petitioner who demonstrates they are in

9    custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The

10   Court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas*

11   *v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

12       Respondents argue the Court lacks jurisdiction to review the Petition because

13   Petitioner failed to name the detention facility warden as a Respondent. (ECF No. 7 at 4,

14   6.) Habeas petitions brought under section 2241 "shall…name the person who has

15   custody over him." 28 U.S.C. § 2242. Therefore, the "one proper respondent" in habeas

16   petitions challenging continued immigration detention is "the warden of the facility where

17   the [detainee] is being held, not the Attorney General or some other remote supervisory

18   official." *Doe v. Garland*, 109 F.4th 1188, 1195 (9th Cir. 2024) (quoting *Rumsfeld v.*

19   *Padilla*, 542 U.S. 426, 435 (2004)). In *Doe v. Garland*, the Ninth Circuit concluded that

20   naming a local Immigration and Customs Enforcement ("ICE") Field Ofice director is

21   insufficient and therefore the district court "erred in exercising jurisdiction." *Id.* at 1198

22       Here, Petitioner names multiple respondents, including the Attorney General and

23   the local ICE Field Office director, but does not include the warden at NSDC. (ECF Nos.

24   7 at 6; 4 at 2.) In this way, the Petition does not follow the requirements laid out by statute.

25   But notably, the *Doe v. Garland* petitioner was represented by multiple attorneys and civil

26   rights organizations. *See* 109 F.4th at 1189. Here, Petitioner is unrepresented. The Court

27   "has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits

28

of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Respondents cite to *Gurmeet Singh v. Field Office Dir., S.F. Field Office* to support their argument that "[t]he Court lacks jurisdiction over a § 2241 petition that fails to name the proper respondent" and therefore "this matter should be dismissed." (ECF No. 7 at 4, 6 (citing No. 24-cv-03472-RMI, 2024 U.S. Dist. LEXIS 161826, at *2 (N.D. Cal. Sep. 9, 2024)).) In *Gurmeet Singh*, the district court concluded it lacked jurisdiction both because the petitioner failed to name the facility's warden and because the petitioner filed in the incorrect district. *See* 2024 U.S. Dist. LEXIS 161826, at *1. But the district court there did not dismiss the *pro se* petitioner's claim but rather transferred it to the proper distict in "the interests of justice." *Id*. The Court here similarly finds it is in the interests of judtice to direct the Clerk of Court to name the proper respondent and address the Petition on its merits.

**C.   Due Process Claim**

Petitioner argues his continued detention without a new bond hearing holding the government to a heightened "clear and convincing" evidentiary standard violates due process. (ECF No. 4 at 3-4.) The Court cannot review the IJ's "discretionary judgement" and "set aside any action or decision…regarding…the revocation or denial of bond or parole." 8 U.S.C. § 1226(e). But the Court has jurisdiction under 8 U.S.C. § 2241 to review any error of law, "including any claimed due process violation." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) (citations omitted).

The Fifth Amendment of the Constitution prohibits the government from "depriv[ing]" any "person ... of ... liberty ... without due process of law." U.S. Const. amend. V. This Due Process Clause protects all persons, including noncitizens facing deportation proceedings. *See  Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (citing *Reno v. Flores*, 507 U.S. 292, 306 (1993)). Civil immigration detention constitutes a deprivation of liberty. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Due process requires that

4

1    individuals facing a deprivation receive certain procedural protections. *See Mathews v.*

2    *Eldridge*, 424 U.S. 319, 334 (1976).

3        In *Rodriguez Diaz v. Garland*, the Ninth Circuit concluded that the Due Process

4    Clause does not entitle an individual detained under section 1226(a) to "a second bond

5    hearing at which the government bears the buren of proof by clear and convincing

6    evidence*."* 53 F.4th at 1211. Rodriguez Diaz was detained even longer than Petitioner

7    and was similarly denied bond at a hearing before an IJ on grounds of danger to the

8    community. *Id.* at 1194, 1207. The Ninth Circuit applied the *Mathews* balancing test and

9    concluded that detention under 1226(a) "provide[s] extensive procedural protections that

10   are unavailable under other detention provisions." *Id.* at 1202, 1206-10 (citing 424 U.S.

11   319).

12       Petitioner relies on the Ninth Circuit's prior holding in *Singh v. Holder*, 638 F.3d

13   1196, 1203–05 (9th Cir. 2011). (ECF No. 9 at 3, 9 16, 17; 4 at 11, 12, 17). In *Singh v.*

14   *Holder*, the Ninth Circuit found due process required holding the government to a

15   heightened evidentiary standard at immigration detention bond hearings. 638 F.3d at

16   1205. But the petitioner in that case was subject to mandatory detention under section

17   1226(c), which affords fewer procedural protections than detention under 1226(a). *See*

18   *Rodriguez Diaz,* 53 F.4th at 1210-11. Accordingly the Ninth Circuit expressly refused to

19   apply the *Singh v. Holder* holding to those like Petitioner who are detained under section

20   1226(a). *See id.*

21       The Ninth Circuit left open the possibility of "as applied challenges to section

22   1226(a) procedures." *Id. at 1213.* But just as in *Rodriguez Diaz*, Petitioner here fails to

23   identify "any individualized circumstances warranting additional procedures, or any

24   unconstitutional failure of the § 1226(a) procedures in his case." *Id.* And if Petitioner did

25   identify such deficiencies in his proceedings, the appropriate remedy would be to address

26   those relevant procedures rather than altering the burden of proof. *See id.* at 1214 (citing

27   *Miranda v. Garland*, 34 F.4th 338, 361 (4th Cir. 2022)).

28

1    In sum, the Court finds Petitioner is not entitled to a new bond hearing. Accordingly,

2  the Court will deny the Petition.

3  **IV.    CONCLUSION**

4    It is therefore ordered that Petitioner's Motion (ECF No. 8) to accept late filing of

5  his reply brief (ECF No. 9) is granted.

6    The Court kindly directs the Clerk of Court to include John Mattos, the current

7  NSDC warden, as a respondent.

8    It is further ordered that the Petition (ECF No. 4) is denied. The Clerk of Court is

9  kindly directed to enter judgment and close this case.

10    DATED THIS 19th Day of November, 2025.

11

12    _____

    MIRANDA M. DU

13    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28